[Civ. No. 8552.   First Appellate District, Division Two.—February 15, 1933.]

JOAQUIN PACHECO, a Minor, etc., et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

George Ingraham for Appellants.

Elliott Johnson for Respondents.

NOURSE, P. J.—Plaintiffs sued as heirs of Antonio Pacheco, deceased, for damages for his death caused in a collision with a train operated by defendants. At the close of plaintiffs' case a nonsuit was granted. Plaintiffs appeal upon typewritten transcripts.

Deceased was operating an automobile truck southerly on Grove Street at the intersection with Seventh Street in the city of Oakland. Defendants were operating an electric suburban train westerly on Seventh. Seventh Street is 60 feet wide. Grove is 45 feet wide. Both streets were paved with asphalt and were practically level. The day was clear and the streets were dry. At the point of collision the railway company had maintained a double track system for more than fifty years, operating thereon both steam and electric trains. The approach of these trains was visible for more than a mile easterly of the intersection. Before the collision the city authorities had made Seventh Street an arterial and red "stop" signs were maintained at the appropriate corners. As deceased approached the intersection he stopped or slowed down before entering the arterial, but from that point on continued without stopping and without change of speed directly in front of the approaching train, which collided with his truck and carried him about 350 feet before the train was brought to a stop.

The motion for nonsuit was based upon two grounds—failure to prove negligence on the part of the defendants, and proof of contributory negligence on the part of the deceased. The order granting the motion was sound upon both grounds. ■ There was no evidence that the train was being operated at a negligent rate of speed, that the equipment was defective in any respect, or that the engineer was incompetent or careless in any manner. The evidence

disclosed that the whistle and bell of the train were operated from a distance of a block or more from the intersection.

■ The evidence of contributory negligence brings the case squarely within the rule of *Koster* v. *Southern Pac. Co.,* 207 Cal. 753, 761 [279 Pac. 788], and *Young* v. *Pacific Elec. Co.,* 208 Cal. 568, 577 [283 Pac. 61]. There is some confusion in the arguments of counsel relating to the evidence as to deceased's stopping at the arterial. Appellants assume that if they had shown a stopping at that point their case was complete. But the duty to stop at the arterial was in response to a state regulation relating to vehicular traffic in general. The duty to stop before crossing the railway tracks was in response to a well-settled rule of conduct covering such crossing. This duty to "stop, look, and listen" requires that the stop be made at a point where the approaching train may be seen—at a point where the driver may ascertain whether the crossing can be made in safety. If, as is conceded here, the approaching train could not be seen by one stopping before entering the arterial, then it was his duty to stop at some point in the intersection where the approaching train could be seen. The evidence is undisputed that no such stop was made. Hence, we have a case of contributory negligence as matter of law, upon which *Hughes* v. *Atchison, T. & S. F. Ry. Co.,* 121 Cal. App. 271 [8 Pac. (2d) 853], is directly in point.

■ Respondents present their case chiefly on the theory that the last clear chance doctrine is involved. In their reply brief the appellants insist that they do not rely upon that doctrine. We are satisfied that the evidence is insufficient to warrant an application of that doctrine.

■ Objection is made to the ruling of the trial court sustaining the objection to appellants' effort to prove that deceased was not dead when picked up from under the train. Proof had been made that the deceased had been carried over 300 feet from the point of the collision and that he died as a result of the collision. Appellants argue that if they could have shown that deceased was not dead at the very moment when he was taken from under the train this would have been evidence of continued negligence on the part of respondents and would have tended to show that if the train had been stopped sooner deceased might not have been killed. We find no error in the ruling because we

could concede that deceased was not dead at the time in question and still appellants' theory would be purely conjectural.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.